**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JEREMY DAVIS, et al.,                    Case No. 1:22-cv-187
          Plaintiffs,                    Cole, J.
                                         Litkovitz, M.J.
      vs.

HAMILTON COUNTY COURT          **REPORT AND**
OF COMMON PLEAS, et al.,        **RECOMMENDATION**
          Defendants.


      Plaintiffs Jeremy Davis and Stephanie Kinley, residents of Cincinnati, Ohio, have filed

a pro se civil complaint against the Hamilton County Court of Common Pleas, Dave Yost,

Joseph Gruber, Tom Heekin, Pavan Parikh, and Patrick Dinkelacker.   (Doc. 1-1).   By

separate Order, plaintiff Kinley has been granted leave to proceed *in forma pauperis* pursuant

to 28 U.S.C. § 1915.

      This matter is now before the Court for a s*ua sponte* review of the complaint to determine

whether the complaint or any portion of it should be dismissed because it is frivolous, malicious,

fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant

who is immune from such relief.   *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C.

§ 1915(e)(2)(B).

                    **Screening of Complaint**

      **A.      Legal Standard**

      In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."   *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Plaintiffs' Complaint**

Plaintiffs' complaint contains general allegations concerning the rate of incarceration in Ohio's prisons; the high rate of death due to COVID 19 among incarcerated individuals; and the failure of local, state, and federal officials to reduce the prison population to prevent illness and death. (Doc. 1-1 at PAGEID 6). Plaintiffs further allege that "Ohio is using its human beings as instruments of chattle (sic) to pay the U.S. Inc. debt," and the justice system in Hamilton County, Ohio is being controlled by a "mainly all white staff. . . ." (*Id.*). As relief, plaintiffs "would like for the court to seize 4661 Hamilton Avenue in Cincinnati, Ohio 45223 (for starters) and transfer it into our names permanently including soil and mineral rights, or into an LLC of our choice." (*Id.* at PAGEID 7). In addition, plaintiffs state they would be willing to accept from the State of Ohio any vacant property and rehab such property. Finally, among other

3

things, plaintiffs seek the restructuring of the justice system to focus on human beings. (*Id*.).

    **C.**    **Resolution**

    Plaintiffs' allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

    As an initial matter, to the extent plaintiffs allege that state, local, and federal governments have violated the rights of incarcerated individuals, plaintiffs lack standing to raise the claims of others. *See Allen v. Wright*, 468 U.S. 737, 751 (1984) ("[s]tanding . . . embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights. . . ."). By law, an individual may appear in federal court only pro se or through legal counsel. 28 U.S.C. § 1654. Although plaintiffs purport to represent thousands of incarcerated individuals, they are not lawyers and may not represent any other individuals in this matter. *See Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989); *Lewis v. Lena-Smith Mfg. Co*., 784 F.2d 829, 830-31 (7th Cir. 1986); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982). *See also Smith v. Dukes*, 21 F. App'x 344 (6th Cir. 2001); *Harrison v. Seay*, 856 F. Supp. 1275, 1279 (W.D. Tenn. 1994). Therefore, plaintiffs may not assert the rights of others in this case.

    To the extent plaintiffs may be seeking to invoke the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. For diversity jurisdiction pursuant to § 1332(a), the citizenship of plaintiffs must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967);

4

*Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, both plaintiffs and the named defendants are Ohio citizens. Therefore, the complaint does not allege that the citizenship of plaintiffs and all of the defendants is diverse. 28 U.S.C. § 1332(1). Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims plaintiffs may be alleging.

In addition, the Court is without federal question jurisdiction over the complaint. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiffs must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Plaintiffs' complaint fails to allege any facts showing that the named defendants violated their rights under federal law such that this Court would have jurisdiction over this matter. Plaintiffs' complaint generally alleges sweeping and conclusory claims of mistreatment of incarcerated persons by the "justice system." However, the complaint provides no factual content or context from which the Court may reasonably infer that the named defendants violated plaintiffs' rights. *Iqbal*, 556 U.S. at 678. Although the Court liberally construes pro se litigant filings, dismissal of a complaint is appropriate when it fails to "contain 'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Hendrock v. Gilbert*, 68 F. App'x 573, 574 (6th Cir. 2003) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal citations omitted)). Plaintiffs have not alleged sufficient factual content to enable the Court to conclude

5

that the complaint states a plausible claim for relief against the named defendants. *Twombly*, 550 U.S. at 555. The Court is unable to discern from plaintiffs' conclusory assertions what the named defendants specifically did, or failed to do, that caused them injury and violated their rights under federal law. The complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiffs remain free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 4/19/2022

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JEREMY DAVIS, et al.,                                   Case No. 1:22-cv-187
      Plaintiffs,

                                Cole, J.
      vs.                                                     Litkovitz, M.J.

HAMILTON COUNTY COURT
OF COMMON PLEAS, et al.,
      Defendants.

**NOTICE**

    Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.    This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).