UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JEREMY DAVIS,** *et al.***,**

    **Petitioner,**

  v.

**HAMILTON COUNTY COURT OF COMMON PLEAS,** *et al.***,**

    **Respondent.**

**Case No. 1:22-cv-187**

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Litkovitz

## ORDER

Before the Court is Magistrate Judge Litkovitz's April 19, 2022, Report and Recommendation (R&R, Doc. 4), which recommends that the Court dismiss with prejudice the Complaint (Doc. 3) that Plaintiffs Jeremy Davis and Stephanie Kinley filed in this matter. For the reasons stated briefly below, the Court **ADOPTS** the R&R (Doc. 4), **OVERRULES** Plaintiffs' nominally labeled "Pleading/Objection" (Doc. 5), and **DISMISSES** their Complaint (Doc. 3) **WITH PREJUDICE**.

Plaintiffs' Complaint contains broad policy-based allegations charging various state and federal officers and entities with purported wrongdoing as it pertains to incarceration, inmate health and safety, and racial discrimination, among other topics. (Doc. 3, #34). For example, the Complaint alleges that "correctional authorities must be held accountable for their repeated failure to reduce prison populations enough to prevent the illness and death of those who are incarcerated and in surrounding communities." (*Id.*). Based on these societal woes, Plaintiffs demand real property from the State of Ohio (i.e., they ask "the court to seize 4661 Hamilton

Avenue … and [to] transfer it into our names permanently including soil and mineral rights" as well as "any land patents, [or] vacant property" from the State of Ohio because Ohio "is broke" and "$33,108,954,000 in debt"), as well as seeking wholesale policy changes. (*Id.* at #35). When Plaintiffs filed their Complaint, they also moved for leave to proceed in forma pauperis (IFP). (Doc. 1). As a result, under this Court's General Order Cin. 22-02, the matter was referred to a Magistrate Judge. On April 19, 2022, the Magistrate Judge granted Plaintiffs IFP status. (Doc. 2). That same day, invoking the Court's authority under 28 U.S.C. § 1915(e) to conduct a sua sponte review of the Complaint, the Magistrate Judge issued her R&R recommending dismissal of the Complaint for want of subject matter jurisdiction or in the alternative for failure to state a claim upon which relief may be granted. (Doc. 4, #40–42). Two days later, Plaintiffs timely filed a document styled as a "Pleading/Objection" purporting to object to the R&R. (Doc. 5).

  The matter is ripe for the Court's review.

  Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a report and recommendation de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that review extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up).

2

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A litigant must identify each issue in the report and recommendation to which he objects with sufficient clarity for the Court to identify it, or else the litigant forfeits the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, Plaintiffs are proceeding pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require the lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

For unobjected portions of the R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Here, Plaintiffs have lodged only a general objection to the R&R: their incoherent filing labeled "Pleading/Objection" attaches several documents containing

3

"meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans." *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases). As just one example, Plaintiffs assert that

> There are some immature people with mental imbalances, such as the craving to dominate other people, who masquerade as "government." Just because they alter definitions of words in the law books to their supposed advantage, doesn't mean I accept those definitions. The fact that they define the words "person," "address," "mail," "resident," "motor vehicle," "driving," "passenger," "employee," "income," and many others, in ways different from the common usage, so as to be associated with a subject or slave status, means nothing in real life.
>
> Because the courts have become entangled in the game of semantics, be it known to all courts and all parties, that if I have ever signed any document or spoken any words on [the] record, using words defined by twists in the law books different from the common usage, there can be no effect whatsoever on my Sovereign status in society thereby, nor can there be created any obligation to perform in any manner, by the mere use of such words. Where the meaning in the common dictionary differs from the meaning in the law dictionary, it is the meaning in [the] common dictionary that prevails, because it is more trustworthy.

(Doc. 5, #51). Nowhere, however, does their filing cite the R&R, highlight with specificity any aspect of the R&R to which Plaintiffs object or why, or provide any legally coherent argument. The Court thus treats Plaintiffs' filing as a failure to object. *Miller*, 50 F.3d at 380.

So the Court reviews the R&R for clear error. And the Court sees none. Because it is a jurisdictional prerequisite to suit, the Court must assess whether Plaintiffs have standing to sue. *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007). To establish standing, a plaintiff "must point to an injury that is traceable to the defendant's conduct and that a judicial decision can redress." *Oklahoma v. United States*, 62 F.4th 221, 233 (6th Cir. 2023) (citing *Lujan v. Defs. of*

4

*Wildlife*, 504 U.S. 555, 560–61 (1992)). Any injury-in-fact a plaintiff alleges must constitute "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (cleaned up).

As the R&R points out, the Complaint contains no allegations that would permit the Court to draw any inference that "the named defendants violated [Plaintiffs'] rights." (Doc. 4, #41 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Hendrock v. Gilbert*, 68 F. App'x 573, 574 (6th Cir. 2003))). Rather, Plaintiffs appear to raise generalized political grievances they have with state and federal policy decisions that affect others' rights. Such grievances do not amount to the particularized injuries necessary for them to have standing to prosecute this suit. *Lujan*, 504 U.S. at 575–76. After all, as pro se litigants, they cannot represent the interests of others. *Smith v. Dukes*, 21 F. App'x 344, 344–45 (6th Cir. 2001). Having failed to allege facts sufficient to identify Defendants' "invasion of a legally protected interest that is concrete and particularized" to Plaintiffs themselves, Plaintiffs lack standing under Article III. *Spokeo*, 578 U.S. at 339. And that means the Court must dismiss the Complaint for a lack of subject matter jurisdiction. As a result, the Court finds that there is no "clear error on the face" of the R&R. Fed. R. Civ. P. 72(b) (advisory committee notes). Accordingly, the Court adopts the Magistrate Judge's recommendation to dismiss the Complaint (Doc. 3) with prejudice.

Finally, because Plaintiffs are proceeding IFP, the Court must assess, under 28 U.S.C. § 1915(a)(3), whether an appeal taken from this Order would be "in good

5

faith." Because Plaintiffs' Complaint raises no legitimate grounds for this case to be in federal court, "any appeal of this decision would not have an arguable basis either in law or in fact." *Johnson v. DeWine*, No. 22-cv-587, 2023 WL 6421286, at *3 (S.D. Ohio Oct. 3, 2023) (cleaned up). The Court therefore certifies that any such appeal would not be in good faith.

Accordingly, the Court **ADOPTS** the R&R (Doc. 4), **OVERRULES** Plaintiffs' nominally labeled "Pleading/Objection" (Doc. 5), and **DISMISSES** their Complaint (Doc. 3) **WITH PREJUDICE**.

The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**SO ORDERED.**

November 6, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**